No. 25,061.

E. G. BELL, *Appellee,* v. H. G. KLUSMAN, *Appellant.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Negative Findings by Jury—Evidence—Judgment for Plaintiff on Findings Notwithstanding Verdict.* Special findings of fact in an action on a promissory note considered, and held to negative a finding implied by the general verdict that plaintiff was not a holder in due course.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed March 8, 1924. Affirmed.

*Adrian S. Houck,* of Medicine Lodge, and *H. E. Walter,* of Kingman, for the appellant.

*S. S. Alexander,* of Kingman, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note. The general verdict was for defendant. Judgment was rendered for plaintiff, on special findings of fact, and defendant appeals.

On March 19, 1921, Klusman gave his note, due September 1, 1921, to Tobin. On May 6, 1921, for a valuable consideration, Tobin indorsed the note and delivered it to Bell. The defense was that the note was procured by false representations of Tobin, and Bell was not a holder in due course.

The answer alleged that in the spring of 1921 Tobin made statements to Klusman of specific matters of fact relating to the value of certain oil lease interests, which induced Klusman to purchase them. The note was given in payment of the price. The statements were false, and Klusman did not discover their falsity until after he had executed the note. The answer contained the following allegation:

"That the plaintiff [Bell] herein was present [during] a part of said conversations, when said statements were being made, and heard the same, and knew or had reason to know at the time he purchased the said note, if he did so purchase the same, that said statements were fraudulently made to induce the defendant and others to buy said acreage or interests. That for said reason, the said note is without consideration and void."

The note contained a waiver by parties secondarily liable, substantially the same as the provision which rendered nonnegotiable the note considered in *Nelson v. Southworth,* 93 Kan. 532, 144 Pac. 835. In this instance there were just two parties to the note when it was executed, the maker and the payee. The provision was without legal significance, and the note was negotiable. (*Bank v. Dickinson,* 102 Kan. 564, 171 Pac. 636.) Therefore, to defeat recovery Bell must have had actual knowledge of the fraud practiced on Klusman, or knowledge of such facts that his action in taking the instrument amounted to bad faith. (R. S. 52-506.)

There was no express allegation of bad faith on the part of Bell in taking the note, and the jury found specially he took it as collateral security for a *bona fide* loan of money to Tobin, which had not been paid at the time of the trial. The allegation was, first, that Bell heard Tobin's representations to Klusman, and knew they were made as fraudulent inducements to buy the oil interests. The jury returned the following findings of fact:

"5. Do you find from the evidence that the plaintiff, E. G. Bell, knew at the time of securing the note sued on in this action of the untruthfulness and falsity of any false or fraudulent representations, if any, that one James A. Tobin or his agents may have made to the defendant as claimed by defendant in his last amended answer? A. No.

"14. What failure of consideration did E. G. Bell know of on May 6, 1921, and prior to his securing the note sued on herein, which was unknown to defendant when defendant signed and executed the note sued on herein? A. None."

The other allegation of the answer was that Bell "had reason to know" the representations were fraudulent. This allegation was inserted as an alternative of actual knowledge. The statutory alternative has been stated. Constructive notice is not enough (*Bank v. Reid*, 86 Kan. 245, 120 Pac. 339), and the bad faith involved must be bad faith in fact, not in law, and the substantial equivalent of fraud. (*Gigoux v. Moore*, 105 Kan. 361, 184 Pac. 637.)

The whole subject of what knowledge Bell had which would give him reason to believe Tobin's representations were fraudulent and the note was without consideration, was covered by an interrogatory propounded to the jury, which, with the answer returned, follows:

"12. Did the plaintiff, E. G. Bell, know on May 6, 1921, and prior to securing the note sued on herein, any facts relative to the value of an oil lease interest in the land in which defendant secured an oil lease interest, being in section 5, other than the facts which were known to the defendant in this case at the time he, the defendant, executed the note sued on herein? If so, state what they were. A. No."

Since Bell, when he acquired the note, was not in possession of any facts not known to Klusman when Klusman gave the note, Bell had no more reason to believe Tobin's representations were false than Klusman himself, and Klusman's defense rests on the allegation of his answer that he did not discover the truth until after the note was given.

The result is, the finding implied by the general verdict, that Bell was not a holder in due course, was negatived by special findings of fact which are controlling. (R. S. 60-2918.)

The judgment of the district court is affirmed.